```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
FRANK LaMONDE,                 )
        Plaintiff,             )
                               )  Civ. Action No. 19-10560-PBS
        v.                     )
                               )
CITY OF SALEM, et al.,         )
        Defendants.            )
```

**ORDER**

May 13, 2019

SARIS, C.D.J.

Plaintiff Frank LaMonde initiated this action by filing a civil rights complaint against the City of Salem, the Salem District Court, the Salem Superior Court, Salem City Hall and a Salem Probate Judge.  See Docket No. 1.

By Memorandum and Order dated April 2, 2019, plaintiff was granted leave to proceed in forma pauperis and was advised that his complaint is subject to dismissal.  See Docket No. 5.  The Order stated that it was impossible to discern from the complaint precisely who plaintiff alleges is liable for which alleged misconduct.  Id.  As to the City of Salem, the Order explained that the complaint fails to allege that any deprivation of his rights was attributable to a policy or custom of the City of Salem.  Id.  The Order also stated that the state court judge is entitled to absolute immunity and that the

Rooker-Feldman doctrine deprives this court of jurisdiction to review the rulings in plaintiff's state court litigation. Id. Plaintiff was granted additional time to amend the complaint to correct the pleading deficiencies of the original complaint. Id.

Now before the court is plaintiff's amended complaint and motion to expedite. See Docket Nos. 6, 7. The amended complaint references plaintiff's state court litigation and is accompanied by twenty-three pages of exhibits. See Docket No. 6. The amended complaint seeks "$100,000.00 for the damage [to plaintiff's] life that was caused by the City of Salem." Id. Plaintiff states that he is now homeless, having lost his house, his job and his savings. Id. Plaintiff alleges that the City of Salem is responsible "for calling [plaintiff] a liar and throwing [his] head against the wall and throwing [plaintiff] in jail for no reason and taking more money from [plaintiff], and putting probation on [plaintiff] for no reason over a year." Id.

Plaintiff failed to demonstrate good cause why this action should not be dismissed. The allegations in the amended complaint are conclusory and are neither "concise and direct," nor "limited to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 8(d), 10(b). As to the City of Salem, it fails to

reference a policy or custom by the City of Salem to support a civil rights claim pursuant to 42 U.S.C. § 1983.

Based on the foregoing, and in accordance with the court's Memorandum and Order dated April 2, 2019, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief may be granted.

SO ORDERED.

                                 /s/ Patti B. Saris
                                 PATTI B. SARIS
                                 CHIEF UNITED STATES DISTRICT JUDGE